UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
MAURILLIO PORTILLO, on behalf of
himself and all others similarly situated,

                                                  Plaintiff,

                                                  **COMPLAINT**

                - against -                        **FLSA COLLECTIVE**

TAQUERIA GRAMERCY, LLC,
d/b/a TAQUERIA GRAMERCY,
TAQUERIA DOWNTOWN
CATERING CO., LOS CUERNOS and
TAQUERIA ST. MARKS PLACE,
and ANDREA BARRAZA a/k/a
ANDREA AZPEITIA and
PHILLIP BARRAZA, individually,

                                                 Defendants.
------------------------------------------------------------------------X

       Plaintiff Maurillio Portillo ("Plaintiff" or "Portillo"), individually and on behalf of others similarly situated, by and through his attorney, Jacob Aronauer of The Law Offices of Jacob Aronauer, complaining of Taqueria Gramercy, LLC d/b/a Taqueria Gramercy, Taqueria Downtown Catering Co., Los Cuernos, and Andrea Barraza a/k/a Andrea Azpeitia ("Azpeitia"), and Phillip Barraza ("Barraza"), (hereinafter "Defendants") alleges the following:

### PRELIMINARY STATEMENT

1. This is a civil action brought by the Plaintiff and all similarly situated employees to recover unpaid overtime and minimum wage compensation and notice damages under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").

2. Plaintiff brings this action on behalf of himself and all similarly situated current and former non-exempt workers who elect to opt-in to this action pursuant to the FLSA, 29

U.S.C. §§ 201 *et seq.*, and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provisions of the FLSA that occurred at Defendants' restaurants.

3. Plaintiff and the FLSA collective also bring this action under the Wage Theft Protection Act for the Defendants' failure to provide written notice of wage rates in violation of said laws.

4. The FLSA collective seeks injunctive and declaratory relief against Defendants for their unlawful actions, compensation for their failure to pay overtime wages, and liquidated damages, compensatory damages, pre-judgment and post-judgment interest, and attorneys' fees and costs, pursuant to the FLSA and NYLL.

5. Plaintiff also brings this action due to Defendant's failure to pay earned wages in violation of New York Labor Law § 663, *et seq.*

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action under 28 U.S.C. § 1331, 29 U.S.C. §§ 216(b)(c), and 217; and 28 U.S.C. § 1337.

7. This Court has supplemental jurisdiction over the New York State law claims under the principles of pendent and ancillary jurisdiction.

8. Venue is proper in this district under 28 U.S.C. § 1391(b)(c), because all or a substantial part of the events or omissions giving rise to the claims occurred herein.

## PARTIES

**Plaintiff Maurillio Portillo**

9. Plaintiff Portillo is and was at all times relevant hereto an adult individual residing in New York County, New York.

10. From approximately August 2018 through June 22, 2021, Plaintiff worked primarily as a dishwasher at Taqueria Gramercy located at 218 3rd Avenue, New York, NY 10003.

11. Plaintiff Portillo is a covered employee within the meaning of the FLSA and NYLL.

**Defendant Andrea Azpeitia**

12. Defendant Azpeitia exercises sufficient control over Taqueria St. Marks Place, Taqueria Gramercy, Los Cuernos and Taqueria Downtown Catering Co. to be considered the FLSA Collective's employer under the FLSA.

13. Azpeitia is a person engaged in business in New York County, who is sued individually in her capacity as an owner, officer and/or agent of Taqueria Gramercy, LLC.

14. Defendant Azpeitia exercises sufficient control over Taqueria Gramercy to be considered Plaintiff's employer under the FLSA and NYLL, and at all times material hereto said Defendant had the authority to hire and fire employees and established and maintained policies regarding the pay practices at Taqueria Gramercy.

15. Defendant Azpeitia employed Plaintiff at all times relevant.

16. Defendant Azpeitia had substantial control over Plaintiff's working conditions and practices alleged herein.

**Defendant Phillip Barraza**

17. Defendant Barraza exercises sufficient control over Taqueria St. Marks Place, Taqueria Gramercy, Los Cuernos, and Taqueria Downtown Catering Co. to be considered the FLSA Collective's employer under the FLSA.

18. Barraza is a person engaged in business in New York County, who is sued individually in her capacity as an owner, officer and/or agent of Taqueria Gramercy, LLC.

19. Defendant Barraza exercises sufficient control over Taqueria Gramercy to be considered Plaintiff's employer under the FLSA and NYLL, and at all times material hereto said Defendant had the authority to hire and fire employees and established and maintained policies regarding the pay practices at Taqueria Gramercy.

20. Defendant Barraza employed Plaintiff at all times relevant.

21. Defendant Barraza had substantial control over Plaintiff's working conditions and practices alleged herein.

**Defendant Taqueria Gramercy, LLC**

22. Defendant Taqueria Gramercy, LLC is a restaurant incorporated in the State of New York, located at 218 3rd Avenue, New York, NY 10003.

23. Taqueria Gramercy, LLC d/b/a under the following restaurants: Taqueria Gramercy, Taqueria Downtown Catering Co., Los Curenos and Taqueria St. Marks Place.

24. At all times relevant to this action, Taqueria Gramercy LLC is an "enterprise engaged in interstate commerce" within the meaning of the FLSA and NYLL.

25. On information and belief, Defendants Azpeitia and Barraza maintain control, oversight, and direction over Taqueria Gramercy LLC.

26. On information and belief, Taqueria Gramercy has (1) employees engaged in commerce or in the production of goods for commerce and handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.

## COLLECTIVE ACTION ALLEGATIONS

27. The claims in this Complaint arising out of the FLSA are brought by Plaintiff on behalf of other similarly situated employees who are current and former employees of Defendants since the date three years prior to the filing of this Complaint who elect to opt-in to this action (the "FLSA Collective").

28. The FLSA Collective consists of approximately 60 similarly situated current and former employees of Defendants who have been victims of Defendants' common policy and practices that have violated their rights under the FLSA, *inter alia*, willfully denying them overtime wages.

29. As part of its regular business practice, Defendants have intentionally, willfully and repeatedly harmed Plaintiff and the FLSA Collective by engaging in a pattern and/or policy of violating the FLSA. This pattern and/or policy includes, *inter alia*, the following:

    i. failing to pay employees the applicable minimum wage rate for all time worked up to 40 hours per week;

    ii. incorrectly applying a tip credit;

    iii. failing to pay employees the applicable overtime rate for all time worked in excess of 40 hours per week;

    iv. failing to keep accurate records of hours worked by employees as required by the FLSA.

30. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation. Defendants' unlawful conduct has been intentional, willful and in bad faith, and has caused significant damage to Plaintiff and the FLSA Collective.

31. The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join in the present action. Those similarly situated employees are known to Defendants and are readily identifiable and locatable through their records. These similarly situated employees should be notified of and allowed to opt into this action, pursuant to 29 U.S.C. § 216(b).

32. The FLSA and NYLL require that employers pay all employees at least one and one-half times the employee's wage for all hours worked in excess of 40 hours during any workweek, unless they are exempt from coverage.

## STATEMENT OF FACTS

**The Azetia and Bazzara Spanish Restaurant Empire**

33. On information and belief, Azetia and Barraza own and operate the four "Spanish American" cuisine restaurants together: Taqueria Gramercy, Taqueria Downtown Catering Co., Los Cuernos and Taqueria St. Marks Place.

34. Taqueria Gramercy is located at 218 Third Avenue, New York, NY 10003.

35. Taqueria Downtown Catering Co. is located at 354 Grove St Jersey City, NJ 07302.

36. Los Cuernos is located at 499 Washington Blvd, Jersey City, NJ 07310.

37. Taqueria St. Marks Place is located at 79 St Marks Place, New York, NY 10003.

38. All four of these restaurants have similar cuisines and webpages.

39. In addition, all four of these restaurants offer catering.

40. Defendants administer similar employment practices throughout the four Spanish restaurants that that they own and operate.

41. For example, employees would work at the different restaurants owned by Defendants.

42. Defendants also communicated with their employees through group messaging with respect to scheduling.

**Defendant's General Employment Practices**

43. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff (and all similarly situated employees) to work in excess of 40 hours a week without paying appropriate minimum wage and overtime compensation as required by federal and state laws.

44. At all times relevant to this Complaint, Defendants unlawfully applied a tip credit to their employees.

45. Plaintiff was a victim of Defendants' common policy and practices, which violated his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

46. Defendants' pay practices resulted in Portillo not receiving full payment for all his hours worked, and resulted in Portillo's effective rate of pay falling below the required minimum wage rate.

47. New York State regulations provide that an employee cannot be classified as a tipped employee on any day in which he or she has been assigned to work in an occupation in which tips are not customarily received. (12 N.Y. C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

48. Under state law, Defendants were not entitled to a tip credit because the tipped workers' and Plaintiff's non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever is less) (12 N.Y. C.R.R. § 146).

49. In violation of federal and state law as codified above, Defendants classified Portillo and other employees as tipped employees, and paid them at a rate that was lower than the required lower tip-credit rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

50. Defendants regularly paid Plaintiff a portion of his wage at the tipped rate even though Plaintiff's non-tipped duties exceeded 20%.

51. Defendants failed to inform Plaintiff that Defendants intended to take a deduction against Plaintiff Portillo's earned wages for tip income, as required by the NYLL before any deduction may be taken.

**Plaintiff Maurillio Portillo's Employment with Defendants**

52. From August 2018 through June 22, 2021, Plaintiff worked primarily as a dishwasher on behalf of Defendants.

53. While Plaintiff was initially hired as a dishwasher his job responsibilities also included making deliveries.

54. Plaintiff spent approximately 75% of his shift performing non-tipped duties related to the kitchen.

55. Even though approximately 75% of Plaintiff's job duties were non-tipped work, Defendants unlawfully applied a tip credit for the hours where Plaintiff performed tipped work.

56. Throughout his employment with Defendants, Plaintiff regularly worked more than 40 hours each week.

57. Throughout his employment with Defendants, Plaintiff was not compensated correctly for overtime.

58. Rather, Plaintiff was paid straight time for overtime hours worked.

59. To avoid having to Plaintiff time and one half for overtime worked, Defendants only paid Plaintiff 25 hours a week "on the books" and the rest of the hours he worked in currency (cash).

60. Defendants never discussed overtime work or what constituted Plaintiff's overtime rate of pay with Plaintiff.

61. Defendants did not require Plaintiff to clock in and clock out each day.

62. Plaintiff did not receive a break during his shift.

63. Defendants never provided Plaintiff with any documentation as to his hours or his rate of pay.

**Plaintiff Maurillio Portillo's Work Schedule and Salary at Taqueria Gramercy**

64. From on or about August 2018 through March 2020, Plaintiff was scheduled to work six days per week, Monday through Saturday.

65. From on or about August 2018 through on or about March 2020, Plaintiff was scheduled to work six days a week from 5:00 p.m. to 1:00 a.m.

66. From on or about March 2020 through on or about April 2021, Plaintiff worked less than 40 hours per week.

67. During this time period, Defendants continued to incorrectly apply a tip credit to Plaintiff.

68. From on or about April 15, 2021, through June 22, 2021, Plaintiff was scheduled to work six day a week, from 5:00 p.m. to 1:00 a.m.

69. During this time period, Defendants did not pay Plaintiff overtime in compliance with the FLSA and the NYLL and they continued to incorrectly apply a tip credit to Plaintiff.

**FIRST CAUSE OF ACTION**
**FLSA Overtime Violations, 29 U.S.C. §§ 201,** *et seq.*
**(On Behalf of Plaintiff and the FLSA Collective)**

70. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

71. Throughout the relevant time period, Plaintiff and the FLSA Collective regularly worked in excess of 40 hours per workweek.

72. At all relevant times throughout Plaintiff's employment, Defendants have operated under a policy of willfully failing and refusing to pay Plaintiff and the FLSA Collective one and one-half times the regularly hourly rate of pay for all work in excess of 40 hours per workweek, and willfully failing to keep records required by the FLSA, even though Plaintiff and the FLSA Collective were entitled to receive overtime payments.

73. At all relevant times throughout Plaintiff's employment, Defendants willfully, regularly, and repeatedly failed to pay the required overtime rate of one and one-half times his regular hourly rate for all hours worked in excess of 40 hours per workweek.

74. Defendant's decision not to pay overtime was willful.

75. Plaintiff and the FLSA Collective seek damages in the amount of their unpaid overtime compensation, liquidated damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal equitable relief as this Court deems just and proper.

**SECOND CAUSE OF ACTION**
**New York Labor Law–Failure to Pay Minimum Wage**
**(On Behalf of Plaintiff)**

76. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

77. Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

78. At all times relevant, Plaintiff has been an employee of Defendants, and Defendants have been the employer of the Plaintiff within the meaning of the NYLL §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

79. At all times relevant, Plaintiff was covered by the NYLL.

80. The wage provisions of Article 19 of the NYLL and the supporting New York State Department of Labor Regulations apply to Defendants, and protect Plaintiff.

81. Defendants failed to pay Plaintiff the minimum hourly wages to which he is entitled under the NYLL and the supporting New York State Department of Labor Regulations.

82. Through their knowing and intentional failure to pay minimum hourly wages to Plaintiff, Defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

83. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants his unpaid minimum wages, liquidated damages as provided by the NYLL, reasonable attorneys' fees, costs. And prejudgment and post judgment interest.

### THIRD CAUSE OF ACTION
### Unpaid Overtime Wages Under New York Labor Law
### (On Behalf of Plaintiff)

84. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

85. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of NY Labor Law §652 and 12 NYCRR §142-2.2.

86. Defendants failed to pay Plaintiff the overtime premium of one and a half times the regularly hourly rate of pay for all of their overtime hours worked, in violation of the NYLL.

87. Defendants' failure to pay required overtime was willful.

88. As a result of Defendants' NYLL violations, Plaintiff is entitled to recover from Defendants' unpaid overtime wages and liquidated damages, as well as reasonable attorneys' fees and the costs of this action, including interest, pursuant to the NY Labor Law.

### FOURTH CAUSE OF ACTION
### New York Labor Law – Failure to Provide Annual Wage Notices
### (On Behalf of Plaintiff)

89. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

90. Defendants willfully failed to supply Plaintiff with wage notices, as required by the NYLL, Article 6, § 195(1), in English or in the language identified by Plaintiff as their primary language, containing Plaintiffs' rate, including but not limited to overtime rates of pay and basis thereof; the regular pay day designated by the employer in accordance with NYLL, Article 6. § 191.

91. Through their knowing or intentional failure to provide Plaintiff notices required by the NYLL, Defendants willfully violated NYLL, Article 6, §§ 190 *et seq.*

92. Due to Defendants' willful violations of NYLL, Article 6, § 195(1), is entitled to statutory penalties of fifty dollars for each workday that Defendants failed to provide Plaintiff with wage notices, or a total of five thousand dollars, reasonable attorneys'

fees, costs and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b).

**FIFTH CAUSE OF ACTION**
**New York Labor Law – Failure to Provide Wage Statements**
**(On Behalf of Plaintiff)**

93. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

94. Defendants willfully failed to supply Plaintiff with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

95. Through their knowing or intentional failure to provide Plaintiff with the wage statements required by the NYLL, Defendants willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Relations regulations.

96. Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiff is entitled to statutory penalties of two hundred and fifty dollars for each work day that Defendants failed to provide Plaintiff with accurate wage statements, or a total of five thousand dollars, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays for the entry of an order and judgment against Defendant Taqueria Gramercy, LLC, d/b/a Taqueria Catering Co., Los Cuernos Taqueria St. Marks Place and Andrea Azpeitia and Phillip Barraza, jointly and severally, as follows:

a) Designation of this action as a collective action on behalf of the FLSA Collective Members (asserting FLSA claims and state claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

b) Damages for the unpaid minimum wages, overtime wages, and misappropriated tip credit due to Plaintiff and the FLSA Collective, in an amount to be determined at the trial of the action, along with liquidated damages as provided by the FLSA;

c) Damages for the unpaid minimum wages, overtime wages, and misappropriated tip credit due to Plaintiff, along with liquidated damages permitted by law pursuant to the NYLL and the supporting New York state Department of Labor Regulations;

d) For pre-judgment and post-judgment interest on the foregoing amounts;

e) For his costs and disbursements of this action, including attorneys' fees and expenses; and

f) For such other further and different relief as this Court deems just and proper.

Dated: July 13, 2021
New York, New York

        **THE LAW OFFICES OF JACOB ARONAUER**

        By:    <u>*/s/ Jacob Aronauer*</u>
                  Jacob Aronauer, Esq.
                  225 Broadway, 3rd Floor
                  New York, NY 10007
                  (212) 323-6980
                  *Attorney for Plaintiff*